**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY

                                     :
DCH NEW JERSEY SATURN LLC,           :   CIVIL ACTION NO. 09-2575 (MLC)
                                     :
     Plaintiff,                      :        MEMORANDUM OPINION
                                     :
     v.                              :
                                     :
GENERAL MOTORS CORP., et al.,        :
                                     :
     Defendants.                     :
                                     :
```

**THE PLAINTIFF**, DCH New Jersey Saturn LLC ("DCH Saturn"), brought this action against defendants on May 27, 2009, to recover damages for, inter alia, breach of contract, and asserts jurisdiction under 28 U.S.C. § ("Section") 1332.  (Dkt. entry no. 1, Compl.)  The Court will sua sponte dismiss the Complaint without prejudice.  See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if jurisdiction is lacking).

**DCH SATURN** alleges that it "is a New Jersey Limited Liability Company authorized to do business in the State of New Jersey with its principal place of business at, South Amboy, New Jersey."  (Compl. at 2.)  Limited liability companies are (1) unincorporated associations, and (2) deemed to be citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business.  Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008).  The citizenship of each membership layer must be traced

and analyzed to determine a limited liability company's citizenship.  Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003).  Thus, DCH Saturn has not properly asserted its own citizenship.

**DCH SATURN** has failed to show that it is deemed to be a citizen of a different state in relation to each defendant.  See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005) (requiring "complete diversity between all plaintiffs and all defendants").  Thus, the Court will dismiss the Complaint, but will do so without prejudice to DCH Saturn to either — in thirty days — (1) recommence the action in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint, see Jaworowski v. Ciasulli, 490 F.3d 331, 333-36 (3d Cir. 2007); Galligan v. Westfield Ctr. Serv., Inc., 82 N.J. 188, 191-95 (1980), or (2) move in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules to reopen the action in federal court, with documentation properly demonstrating the citizenship of the parties.[1]  If DCH Saturn opts to move to reopen, then it does so

---

[1] If DCH Saturn chooses to move to reopen the action in federal court, DCH Saturn should address the issue of defendant General Motors Corp.'s pending bankruptcy, including whether the action should be stayed and/or transferred to the United States Bankruptcy Court overseeing General Motors Corp.'s bankruptcy proceedings.

at its own peril, as the Court will not further extend the thirty-day period to proceed in state court.

**DCH SATURN** is advised — if it opts to move to reopen — that jurisdiction is measured "against the state of facts that existed at the time of filing." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004). Thus, DCH Saturn must properly demonstrate (1) its own citizenship as it existed specifically on May 27, 2009, i.e., list and analyze each member within DCH Saturn, including non-managing and non-individual members, and provide supporting documentation and affidavits from those with knowledge of DCH Saturn's structure,[2] and (2) that there is jurisdiction under Section 1332.

**DCH SATURN**, if moving to reopen, must not restate the allegations from the Complaint. Also, a response as to where any member or party resides, is licensed, or has a place of business — as opposed to is a citizen or is domiciled — will not properly

---

[2] DCH Saturn, if moving to reopen, must refrain from asserting confidentiality for any member. See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible," as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies"); Belleville Catering Co. v. Champaign Mkt. Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003) (stating "[i]t is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary").

invoke the Court's jurisdiction.  See Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970).  A response based upon information and belief or an assertion that is not specific (e.g., citizen of "a state other than Delaware or Michigan") will be unacceptable.  See S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship is to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").  As DCH Saturn is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity." CGB Occ. Therapy, Inc. v. RHA Health Servs. Inc., 357 F.3d 375, 382 n.6 (3d Cir. 2004).

    **THE COURT** will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated: June 5, 2009